**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BOARD OF TRUSTEES OF
THE OHIO LABORERS BENEFITS,**

      **Plaintiff,**

  v.                                 **Civil Action 2:20-cv-457
Judge Michael H. Watson
Magistrate Judge Jolson**

**USA CONCRETE SPECIALISTS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This is an action, initiated on January 27, 2020, for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. (*See* Doc. 1). Plaintiffs, the fiduciaries of three employee benefit plans, assert claims under ERISA, 29 U.S.C. § 1132 and the Labor Management Relations Act, 29 U.S.C. § 185. (*Id*. at 1). Defendant was served on January 29, 2020, (Doc. 4), but has failed to plead or otherwise defend this action, (Doc. 5-1, ¶ 4). Plaintiffs applied to the Clerk for entry of default (Doc. 5), and the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) as to Defendant USA Concrete Specialists on February 27, 2020, (Doc. 6). When Plaintiffs had not moved for default judgment on April 28, 2020, the Undersigned directed Plaintiff to show cause within fourteen days why this action should not be dismissed. (Doc. 7). Plaintiffs responded and represented that they were attempting to resolve the matter extrajudicially, (Doc. 8), and the Undersigned afforded them several opportunities to do so, (*see* Docs. 9, 11, 13). Apparently, the parties were unable to fully resolve the matter, because Plaintiffs now move for default judgment. (Doc. 14).

Plaintiffs have established that Defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, by which Defendant agreed to pay

contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union. (Doc. 14 at 3; Doc. 14-1, ¶ 12). The affidavit of Plaintiffs' Communications/Contractor Relations Manager (Doc. 14-1) establishes that Defendant, post-litigation, paid $6,342.07 of the amount that was due and owing when suit was filed but has not paid any additional liquidated damages, interest, attorney's fees, or costs. (*Id.*, ¶ 13). Plaintiffs, therefore, seek $48.38 in liquidated damages and interest. (*Id.*). Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions. 29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388–89 (6th Cir. 1991).

Plaintiffs also seek an award of attorney's fees in the amount of $2,940.33, for 10.9 hours billed at the rate of $350.00 per hour. (Doc. 14-2, ¶¶ 2–3). Plaintiffs have provided evidentiary support that the number of hours billed, as well as the hourly rate charged are reasonable. (*See id.*, ¶ 4). Plaintiffs also seek costs in the amount of $406.95 for the filing fee and postage fees. (*Id.*, ¶ 6). The Undersigned also finds this request to be reasonable.

Plaintiffs are, therefore, entitled to judgment in the amount of $48.38 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, an award of attorney's fees in the amount of $2,940.33, and award of costs in the amount of $406.95.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Judgment (Doc. 14) be **GRANTED**. It is further **RECOMMENDED** that the Clerk enter judgment against Defendant USA Concrete Specialists, Inc., and that Plaintiffs Boards of Trustees of the Ohio Laborers' Benefits have and recover from Defendant the sum of Forty-Eight Dollars and Thirty-Eight Cents ($48.38), including unpaid fringe benefit contributions through December 2019, prejudgment interest, and liquidated damages, a reasonable attorney's fee in the amount of Two Thousand Nine Hundred Forty Dollars and Thirty Three Cents ($2,940.33), plus interest from the

date of judgment at the rate of one percent (1%) per month, as well as an award of costs in the amount of Four Hundred and Six Dollars and Ninety Five Cents ($406.95).

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  September 2, 2020                         /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE